**GUNNELL CONSTRUCTION CO., Inc.,**
**Petitioner,**

**v.**

**CONTRACT APPEALS BOARD for the District of Columbia, Respondent.**

No. 5581.

District of Columbia Court of Appeals.

Argued Sept. 27, 1971.

Decided Oct. 26, 1971.

Harry L. Ryan, Jr., Washington, D. C., for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

 Petitioner has sought review in this court of an adverse decision of the Contract Appeals Board for the District of Columbia (hereinafter the Board). The Board held that petitioner was not entitled to an award of damages resulting from difficulties in driving piles pursuant to a construction contract where the subsoil conditions were allegedly misrepresented. We hold that a petition for review cannot be properly brought in this court as the Board is not an "agency" within the meaning of the Administrative Procedure Act.

Gunnell Construction Co., Inc. (hereinafter Gunnell) contracted with the District of Columbia to build a junior high school including not only the construction of the building but excavation, filling and grading relative thereto. The contract called for the driving of some 836 piles with pertinent specifications as to placement, stress and penetration for each pile. The contractor was also supplied with test borings relating to the subsoil conditions prior to bidding on the contract. Gunnell, after having difficulties in driving the piles, alleged misrepresentation in the subsoil conditions and claimed damages in the amount of $134,969.56.

The claim for damages was denied by the contracting officer and petitioner

sought review before the Board as was specified in the contract.[1] After extensive hearings resulting in numerous exhibits and a transcript of over 600 pages, and after some delay, the Board denied relief to Gunnell in separate opinions of considerable length. The findings of the two opinions, although relying on different facts, achieved the same result.

Gunnell now seeks review by this court alleging that the Board's findings were "clearly erroneous" and that Gunnell is entitled to a trial de novo on a theory that a two-year delay in issuance of the Board's opinion prejudiced the result. Counsel for Gunnell also urged at the conclusion of oral argument "that this court look at this record and determine whether or not those findings were fairly and reasonably made."[2] Gunnell predicates its right to judicial review in this court upon the District of Columbia Administrative Procedure Act, D.C. Code 1967, § 1–1501 et seq. (Supp. IV, 1971), and by alleging that the Board is an "agency" within the meaning of the provisions of that Act.

The Board is a body which was created by order of the Commissioner of the District of Columbia. It currently owes its existence to Part IV of Commissioner's Organization Order No. 9, June 6, 1968, as amended. *See* D.C. Code 1967, Title 1, Appendix at 74 (Supp. IV, 1971). As a creature of the Commissioner, the Board does not have administrative procedural independence, but is subject to the control of the Commissioner. The Board cannot be said to be an "independent agency" as that term is defined by the District of Columbia

1. Article 1 of the contract provides:
"Disputes.—Except as otherwise specifically provided in this contract, all disputes concerning questions arising under this contract shall be decided by the contracting officer subject to written appeal by the contractor within thirty (30) days to the Contract Appeals Board, whose decision shall be final and conclusive upon

the parties thereto, * * * " [Record at 23.]

2. Counsel, through his brief and at oral argument, has invited us to leaf through the pages of this voluminous and highly technical record in quest of unspecified evidentiary deficiencies amounting to the fatal defect of insufficient evidence.

Administrative Procedure Act.[3] The definition of "subordinate agency" requires that a board or agency within that definition must administer laws or rules adopted under the authority of law.[4] The Board does not function in such a manner but, by delegation of the Commissioner, acts as his agent in the narrow area of settling contract disputes with the District of Columbia.[5] The Board is no more than a reviewing unit in the office of the Commissioner and does not administer laws in the sense that an administrative agency does within the contemplation of the Administrative Procedure Act.[6]

By virtue of the Administrative Procedure Act this court has no jurisdiction for direct review of decisions of the Contract Appeals Board. Where the result reached by the Board does not satisfy the parties concerned they are left with the traditional remedies at law and any questions of contractual rights should be resolved in a suit on the contract. This court is not the court to deal with factual matters which may arise in such cases. Obviously, the drafters of the Administrative Procedure Act recognized this in adopting the definition of "agency". We hold that the relief sought by the petitioner herein should be properly sought in a court of original jurisdiction, wherein Gunnell should bear its burden with the precision lacking in the present brief supporting its petition.[7]

Petition for review is dismissed.

3. D.C.Code 1967, § 1–1502(5) (Supp. IV, 1971) provides:
 "[T]he term 'independent agency' means any agency of the government of the District with respect to which the Commissioner and the Council are not authorized by law, other than this chapter, to establish administrative procedures, but does not include the several courts of the District and the District of Columbia Tax Court".

4. D.C.Code 1967, § 1–1502(4) (Supp. IV, 1971) provides:
 "[T]he term 'subordinate agency' means any officer, employee, office, department, division, board, commission, or other agency of the government of the District, other than an independent agency or the Commissioner or the Council, required by law or by the Commissioner or the Council to administer any law or any rule adopted under the authority of a law".

5. The Contract Appeals Board has been established by the Commissioner pursuant to powers granted to him under Reorganization Plan No. 3, 1967, § 303. D.C. Code 1967, Title 1, Appendix (Supp. IV, 1971).
 D.C.Code 1967, Title 1, Appendix (Org. Ord. No. 9, Part VI(B)) (Supp. IV, 1971) provides:

"The functions of the Contract Appeals Board shall be to hear, to review, and to decide upon all protests and appeals from actions by Contracting Officers where the Contracting Officer is unable to satisfy the Contractor that the action taken was a proper action, and such other contractual appeals, or classes thereof, as the Commissioner may from time to time order. * * * The decision of the * * * Board in every case shall be final subject to such limitations and review as may be provided by law."

6. At Senate hearings on the proposed Administrative Procedure Act, Mr. Alfred K. Scanlan of the District of Columbia Bar Association stated:
 "The proposed legislation would be applicable to administrative agencies of the District of Columbia *and the laws which they administer.*" (Emphasis added.) [Hearings on S.1379 and H.R. 7417 Before the Subcomm. on the Judiciary of the Senate Comm. of the District of Columbia, 90th Cong., 2d Sess. 74 (1968).]

7. *See* note 2, *supra.*